The Thomas v. Baca case is a much more recent case, which was filed in 2014. It involves the same plaintiff, S.A. Thomas, and basically it has to do, of course, with the dismissal of the complaint, the First Amendment complaint by Judge Rill. And he abused his discretion in dismissing a First Amendment complaint without leave to amend because he ignored the fact that the First Amendment complaint had named two jail employees who had direct contact with the plaintiff and who failed to provide the plaintiff with psychotropic medications. So which claim in your First Amendment complaint would that have related to? In other words, you made a lot of claims in your First Amendment complaint, and I must tell you the only one that I think Judge Rill might have erred in dismissing was your Eighth and I mean, you have a First Amendment claim, and a Fourth Amendment claim, and a Seventh Amendment claim, and a RICO claim, and I'm not sure I can find any error with respect to those. But tell me what your Eighth Amendment claim was. Well, the claim is a deliberate indifference to the plaintiff's serious medical needs and not providing... And in the original, in the First Amendment complaint, you hadn't yet been able to identify the folks who... I'm sorry, I must be... In the first, had you been yet able to identify the folks that your client asked for the medication from but they denied his requests? Two were actually identified as being, as having seen the plaintiff and examined him. But it was... So here's my question. Whether or not Judge Rill erred in dismissing your Eighth Amendment claim, what would an amended complaint have said that wasn't in the First Amendment complaint? In other words, I'm sympathetic to your argument that the judge simply erred as a matter of law in dismissing your Eighth Amendment complaint. Well, and Fourteenth, because... Well, Eighth, it's the same one. Yeah, but you're wrong. It's the same one. But I'm trying to figure out why a further amended complaint would have been any better. Well, I think we might have been able to perhaps satisfied more specifically his... The Monell claims, because what... Judge Barant's letter to the county supervisors basically sets forth that this is all happening because of economic or failure to provide budgetary reasons, not because it was a one-off with respect to plaintiff. Unfortunately, didn't the circuit hold that budgetary reasons are okay? I don't believe that's so. Yeah, we, in a later case, we held that it was a defense to a 1983 case not to have sufficient budget, over my dissent, but I just want to let you know that's the law of the circuit. That happens. So, okay, now let me tell you what my... Let's assume that the judge erred in dismissing the Eighth slash Fourteenth Amendment claims. You never mention the Eighth or Fourteenth Amendment in your appellate brief. Your appellate brief is devoted largely to this RICO claim, which I think is without merit, and never expressly directs, never expressly says anything about why the judge erred in dismissing the Eighth Amendment claim, other than reciting boilerplate about dismissing complaints. Don't you have to do better than that in an appellate brief to challenge a judge's ruling? Obviously, yes, Your Honor. Well, it troubles me. I want to hear your response to it. Why did you do enough on appeal? I mean, you did a lot on appeal to explain to me why you thought the judge erred in dismissing the RICO claim and why you think he was biased, and we can deal with those issues because we have the party's joint appellate briefing on it. When we get to the Eighth Amendment claim, there's just no discussion at all. By the way, there's no discussion at all in Judge Reel's order. There's no discussion in your brief of it either. Well, it is in the reply brief. I remember noting that it paralleled the defendant's action. Well, because they answered it and said he was correct in dismissing it, and then in the reply you said, no, he wasn't. But in your opening brief, you never talk about it. All you say is, but because the facts alleged in the First Amendment complaint, without saying any what the facts were, there's no record citation, set forth very detailed factual allocations that more than fully support all of plaintiff's constitutional claims, the district court erred in dismissing those claims. That's boilerplate. That doesn't meet any of our requirements as far as specifically stating your claims and giving record citations as to what facts were alleged. Why shouldn't we just disregard your argument because you didn't state it adequately in your opening brief? Well, I think that opening and reply brief are important to be taken into consideration. We have all sorts of cases saying you can't bring up things in the reply brief that you didn't bring up in your opening brief. So don't try that one. Tell me why your opening brief is sufficient. I think it is. Okay. Thank you. Counsel, as I look at the allegations in the First Amendment complaint where you talk about your Eighth Amendment claim to a considerable extent, and I'd like to ask you to what extent, you seem to link your claim there and you say impairing his ability to think clearly and behave appropriately and to have a fair trial and to recover appropriate damages. You seem to be linking the harm to what is really a Seventh Amendment claim, which the district court rejected, that is because he did not get the psychotropic medication, and it impaired his ability to effectively participate in the trial. Is this really a freestanding Eighth Amendment claim, or is it a claim that's actually linked to a Seventh Amendment claim? It's both. It's both. Yes, because not receiving psychotropic medications for that entire period caused him emotional distress, hallucinations, and all kinds of problems. So that would be covered by the Eighth Amendment, and then there's a Seventh Amendment claim with respect to what happened to him in his civil case. Didn't he win his civil case? I'm sorry? Didn't he win his civil case? Yes, but he won. So what's your Seventh Amendment claim? I'm sorry? What's your Seventh Amendment claim? He tried his civil case and won it. Would he have recovered more had he been given psychotropic medication during the time period? Then don't you have to raise that in that other case? No, you don't. Don't you have to file a motion? So what you're asking the court to do is to retry your other case and say, if your client had been given medication during that time period, he would have recovered more money. That's an extraordinary procedural thing. Why don't you just go back to Judge Pagerson in the other case and say, Judge, Your Honor, we want a new trial. My client was under a disability at the time, and we want a new trial where he can testify again and maybe we'll get more damages. You can't go to Judge Reel and ask him to give you more damages in the first case, can you? Well, Dooley v. Rice doesn't make it a necessity to go before the original court. I don't think we would have, in a million years, it never would have been granted anyhow. Correctly. You won. You've got a nice judgment. Your client got $10,000 for three days of sleeping underground. I mean, I don't minimize the constitutional violation, but that's pretty good money for sleeping underground for three days. So you were wildly successful on his individual claim, and then plus you've got a fee award on it. We can get to that later. So it's hard for me to see where there's any Seventh Amendment violations. This is really a collateral attack on the judgment in the other case. So to the extent there's a Seventh Amendment claim, my view is that Judge Reel quite correctly dismissed it. What I'm having difficulty with is he never discusses what you say is the other half of your claim. Judge Lippis correctly points out that it's not clear that you were making two, but Judge Reel never discusses the Eighth Amendment at all, does he? Well, no. He basically says also that none of the defendants had any direct contact with the plaintiff, and we had alleged that these two defendants who were jail employees had direct contact. Right. But is there anything in his order that mentions the word Eighth Amendment, other than listing your claims at the beginning? No, I don't think there is. I couldn't find it. I couldn't find anything in the state's or the county's motion to dismiss that actually addresses the Eighth Amendment claim separately either, except with respect to identifying the guilty parties. And with respect to the naming of the individuals in their individual capacity, the various defendants, there is supervisorial liability if something that you're doing is a moving force behind the defendants. Well, there may be, but you didn't allege supervisorial liability, did you? I believe we did. Did you? Did you name a supervisor that you thought was liable? I'm not just talking about the county supervisor. I'm talking about any supervisor. I know you allege Manel liability. My question is did you make an allegation that a specific person was liable as a supervisor? I didn't see that, but maybe I missed it. No, actually, because it's actually in the... But, see, I guess my question is this. It's still the one that Judge Bayer asked. My inclination is to think that the Eighth Amendment claim should not have been dismissed with prejudice. But don't you have some obligation to come to us and explain why, as opposed to just saying, here's the boilerplate standard for Rule 12b-6? Well, I think we did point it out in the reply. I will say that. See, because when I read your brief, my sense is you really don't care very much about the constitutional claims. You're really concerned about the RICO claim, which might give rise to treble damages. There's about 20 pages in the brief about the RICO claim, but there's less than two pages about your eight constitutional claims and no, not eight, but five, but no particular breakdown about their analysis, why there's a Fourth Amendment claim, why there's a Seventh Amendment claim. You've explained today why you think there is, but there's nothing in your brief that says so. Why there's an Eighth Amendment claim. And so that's my concern. I'm not sure you can answer it because it's just there. But otherwise, I think this, I would be inclined to think that you'd preserve the issue and to judge it. So that's my problem with the case. Counsel, I gather you refer, I'm looking now, again, at your Eighth Amendment allegations. This is paragraph 108 of your First Amendment complaint. It's stated very generally, which is not surprising for a complaint. But I think you referred to some documents that you filed specifying the individual defendants who were responsible for this denial. Did I understand you correctly? And if so, how do those play into, if they do, the fair consideration on a motion to dismiss? First question, did you specify, did you actually identify individuals who were responsible for this denial? When you're saying who were responsible, two individual defendants who were jail employees were identified. In what form were they identified? In the First Amendment complaint as being, I'm trying to, I can't think. Where is that, please? I'm going to try and check it. Avermint 25 defendants, I can't pronounce the name, but Haken and Ferry are jail health personnel and conducted evaluations of plaintiff on June 12th, 2001, for and refused to provide plaintiff his required psychotropic medications. And... Okay, well that's, what you're indicating is that those, and you're now showing us those individuals were actually identified in that allegation in the complaint. And that is in support of the more general description of your Eighth Amendment claim in paragraph 108. Is that right? That's quite true. Okay. I'm afraid you've run out of time, Ms. Yackman. Thank you very much. Good morning again, Your Honor. It's Justin Clark for, again, for Defendant Pelley.   I want to respond briefly to a couple of the points that came up during counsel's argument. Most importantly, there was some discussion and some argument regarding a simple failure by the plaintiff appellant to carry their burden to show reversible error by the district court. And I wholeheartedly agree with that characterization. And look, let me give you what I have as a difficulty with your side of that argument. We have the ability to overlook counsel's failure to brief this specifically. And I give the county credit in the sense that below you said, of course, we're happy to have the complaint amended. And the judge said, I don't care. I'm not going to let it be amended. But how can you possibly defend the judge's order dismissing the Eighth Amendment claim for failure to state a claim? I can in the sense, Your Honor, and I think you brought it up actually during some of the argument by appellant's counsel. I think the lower court saw this case for what it is. And it was essentially a second, it's an attempt to get a second bite at it. Well, and to the extent it was, I have no difficulty with him dismissing a bunch of claims. But this particular plaintiff said, I was prescribed psychotropic medication. I needed it for my mental health. I asked for it repeatedly and I wasn't given it. Isn't that a classic Eighth Amendment denial of medical treatment claim? At least on the face of it, it may turn out to be a terrible claim. But what more did he have to plead? It's not necessarily. By the way, to be fair to you, I don't find anything in your motion to dismiss that says it doesn't state a claim either. Well, and my response to that point would be our argument with respect to why the dismissal of the Eighth and the Fourteenth Amendment claims was appropriate is simply that the first amended complaint is devoid of any allegation of personal participation by any of the defendants. Well, but your colleague just identified that she said, the complaint says there are two people from whom I requested medication and they refused to provide it. Isn't that enough? I don't believe it is, Your Honor. I believe that that should have been raised in the initial case, in the first Thomas case. When that case went to trial, if there was that alleged deprivation and that deprivation caused a harm, the proper avenue to raise that claim would have been to bring it to the court. As to the Seventh Amendment claim, perhaps, but he has a separate freestanding claim here. Even if I wasn't forced to sleep on the floor, even if they gave me a plush mattress and it was like the Ritz, they should have given me my medication. And why isn't that a freestanding Eighth Amendment claim that, at least it states a claim. It may be subject to some re-adjudication, but he identified the people, he asked for the medication, says I wasn't given it, alleges that I was damaged thereby. Put aside the failures of your opponent in terms of briefing, how can you possibly defend the judge's dismissal of that Eighth Amendment claim? Because it's brought in the context of the Minnell claim against the County of Los Angeles. And when you have both in that context, there's not going to be evidence, nor were there allegations in the complaint of a custom practice or policy. But would it be futile to amend to name the specific individuals? In fact, you don't object to the motion to amend, so this is the judge's problem, not yours. But they come in and say, gee, we'd like to amend. If you think we need to name the individuals, we can. And the judge says, nope, that would be futile. Well, and Your Honor, I'll be completely honest. I've seen a lot of times where most of the time the lower court would have granted leave. Yes, and to your credit, you said we don't oppose it. And that's exactly why we said it, because I wouldn't want to be in the position where I was arguing a point. You know, if the judge was inclined to grant leave to amend, I was of the opinion that it was silly to argue against it. Why would it have been futile to grant leave to amend to name these two individuals and their individual capacities? They may have been subject to qualified immunity and everything else, but that's down the road. Why would it have been futile to amend to add these two people? Because I don't think that there could be any allegation that could be added to the First Amendment complaint that would have risen to the level of stating a claim of deliberate indifference to this individual's medical need. I mean, even if you have the situation where somebody sees a doctor and a doctor makes a decision that for whatever reason they don't believe you need this psychotropic medication, that's not enough to rise to the level of deliberate indifference. And the case law on that subject is pretty clear. So even if the plaintiff... In terms of stating a claim as opposed to evidentiary proof, isn't it sufficient for purposes of stating a claim to say I made known my need for this medication and they ignored it? But let's assume that's true. Let's assume that for our friend that that would be the standard that would govern, you know, at the pleading stage. Let's assume that that allegation is 100% true. That doesn't state a claim. That wouldn't state a claim for deliberate indifference to a serious medical need. What does the plaintiff have to say? The plaintiff would have to say that there was more than that. The plaintiff would have to allege something along the line of, like, it's deliberate indifference. It would be almost an intent requirement. I'm sorry, I didn't mean to speak over you. I apologize for cutting you off, Your Honor. We get to then the motion to amend. Is it clear that it would have been futile, that there's no circumstance under which the plaintiff could have alleged these kinds of facts? If we're looking at the original complaint, yes. No, but we're not talking about the motion to amend. No, no, I hear what you're saying. My point is that in evaluating whether or not there could be facts, additional allegations raised in the First Amendment complaint, I have to kind of look at the original complaint to see, okay, what else needs to be added to make that a viable claim? And in the context of deliberate indifference to a serious medical need, if your allegation is that you weren't given medication and there was never any indication anywhere or even suggested anywhere in the papers that there was anything more than a doctor's simple decision not to give the person a medication that they requested, and if that's the only thing we're going on to state a claim for deliberate indifference, it can't be enough. But I guess I still have to ask the question, is it inconceivable that the plaintiff could have alleged more facts to say I repeatedly asked and told them that it was necessary for me and they just didn't give it to me? Well, first of all, anything is possible. And again, I'm putting you in a difficult position because you said fine, amend it and let's see if they can allege more. And I'll be honest, I knew this was going to come up. I mean, when we said that when our papers were submitted, I'll be honest, most circumstances, I have a feeling that a lot of judges in a similar circumstance probably would have granted leave to amend. But that doesn't mean that the decision in this context was wrong, especially when you look at the totality of all of the things that the judge was looking at. And when you have, as Your Honor put it, a Seventh Amendment claim, a Sixth Amendment claim, a RICO claim, all of which are so defective, when you look at all of those things together, it's not shocking to consider that the judge would look at the same set of circumstances and think, given that the only bare-bone allegation that's included in support of the Eighth and Fourteenth Amendment claim is a simple decision by a doctor not to give somebody medication that they request. And apparently it was only on a single occasion from what I heard. And I'll be honest, my recollection was that there actually were not, like, line staff who actually had been involved in a decision to actually allegedly deny the individual medication that he had requested. My recollection is that I had 27 individual defendants and all of them were high-level personnel, including all five members of the Board of Supervisors, custody captains, custody commanders, the assistant sheriff. No, I think in terms of who was named as defendants, you're right, and therefore some amendment would have been needed to specify the person who was involved. Who those people might have been. So that was my recollection, and on those facts, well, I think in that circumstance, yeah, there is an ability to say amendment would be futile because the concept that any of those people would have ever had any specific interaction, any personal participation in anything having to do with the plaintiff's medical care is not plausible. What do we do with, it's only a $400 question, but it's still hanging around the case. At some point, Mr. Thomas said, I'm indigent, I'd like to get my filing fee back. I guess counsel must have advanced the filing fee to him. And the judge just never acts on the motion at all. Should we treat it as a denial and review it for abuse of discretion? What do we do? That's how I would couch it, Your Honor. I would couch it as it's a denial. And if it is a denial, why was he correct in denying it? Because he's represented by a law firm that typically advances those types of cases. Yeah, but that doesn't mean that he's not indigent. Well, it is in the context of, it doesn't matter in the context of when you have that type of fee typically being subsumed by a law firm representing a client, even when the client is indigent. That gets figured into costs that can be pursued. And in fact, they actually, I think, were pursued in the Thomas number one case. Yeah, but you can't a firm say, look, let's get this case filed. We'll advance the $400, but we're going to go to the judge and represent that you're entitled to proceed IFP and ask for a refund of it. And there's also consensus, I don't think there's any doubt that this guy's indigent, is there? Well, I would actually, my response would be he just had $10,000 in his pocket from the Thomas number one case. So I'm not so sure he would qualify as not. If he wanted to pursue a separate claim about, particularly one in this context, he's got $10,000. Asking for $400 to pursue that claim, especially in light of the issues that we've been discussing, I don't think that that's too much. Was the application detailed? Did the application have the kind of detail that one ordinarily would see in an IFP application? I couldn't find it either. That's what I'm asking. Mr. Clark, I forgot to ask you a question on the prior issue. You said that there was no allegation as to the defendants as to deliberate indifference as to paragraph 25 of the defendants, Hick, Jung, and Ferry. But what's wrong with the allegation in paragraph 50 that all of the defendants engaged maliciously, callously, oppressively, wantonly, recklessly with deliberate indifference to the rights allegedly violated? That two of the defendants referred to are the ones in paragraph 25. Well, Your Honor, respectfully, my response to that would be that while the complaint includes the words deliberate indifference, and I didn't mean to suggest that it doesn't. You're talking about Hick, Bell. There's no facts alleged which are plausible. I would characterize that allegation as boilerplate. That's a conclusory statement of what the law is and what the standard is that governs the claim and nothing more. Okay. I think I've covered everything I needed to unless the court has further questions I'm prepared to submit at this point. Thank you, Your Honor. The case of Thomas v. Baca will be submitted and we'll go to the third and last case on the calendar.
judges: Lipez, Bea, Hurwitz